Patricia Lee (8287)
HUTCHISON & STEFFEN
10080 W. Alta Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 385-2500
Email: plee@hutchlegal.com

*Attorneys for Plaintiffs*
*CONAIR CORPORATION and BABYLISS FACO SPRL*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CONAIR CORPORATION and BABYLISS FACO SPRL,<br><br>    Plaintiffs,<br><br>        v.<br><br>TAIZHOU JINBA HEALTH TECHNOLOGY CO., LTD.,<br><br>    Defendant. | **Case No. 2:15-cv-01328-JCM-CWH**<br><br>Hon. Judge James C. Mahan<br>Magistrate Judge Carl W. Hoffman<br><br>**[PROPOSED] ORDER** |

Having read and considered Plaintiffs' motion for final default judgment as to liability and order for a permanent injunction, Plaintiffs' motion is hereby GRANTED.

It is herewith ORDERED, ADJUDGED, AND DECREED that:

A.    U.S. Patent Nos. 8,607,804, 8,651,118, and 8,733,374 are valid and enforceable;

B.    The making, having made, using, causing to be used, selling, causing to be sold, offering for sale, and causing to be offered for sale in the United States, and importing and causing to be imported into the United States, of Defendant's accused products (including the "Fineness" hair-curling device), infringes at least one claim of the '804 patent;

C.    The making, having made, using, causing to be used, selling, causing to be sold, offering for sale, and causing to be offered for sale in the United States, and importing and causing to be imported into the United States, of Defendant's accused products (including the "Fineness" hair-curling device), infringes at least one claim of the '118 patent;

D.      The making, having made, using, causing to be used, selling, causing to be sold, offering for sale, and causing to be offered for sale in the United States, and importing and causing to be imported into the United States, of Defendant's accused products (including the "Fineness" hair-curling device), infringes at least one claim of the '374 patent;

E.      The Defendant in default has infringed the '804, '118, and '374 patents;

F.      The Defendant in default, as well as those persons and entities in active concert with it who have notice of this Order, are herewith permanently enjoined from committing any act that infringes or causes or induces infringement of any claim of the '804, '118, or '374 patents, including but not limited to making, having made, using, causing to be used, selling, causing to be sold, offering for sale, and causing to be offered for sale in the United States, and importing and causing to be imported in the United States, any product that infringes any claim of the '804, '118, or '374 patents, including but not limited to the "Fineness" hair-curling device and products not colorably different;

G.      U.S. Patent No. D696,456 is valid and enforceable;

H.      The making, having made, using, causing to be used, selling, causing to be sold, offering for sale, and causing to be offered for sale in the United States, and importing and causing to be imported into the United States, of Defendant's accused products (including the "Fineness" hair-curling device), infringes the '456 patent;

I.      The Defendant in default by its actions has infringed the '456 patent;

J.      The Defendant in default, as well as those persons and entities in active concert with it who have notice of this Order, are herewith permanently enjoined from committing any act that infringes or causes or induces infringement of any claim of the '456 patent, including but not limited to making, having made, using, causing to be used, selling, causing to be sold, offering for sale, and causing to be offered for sale in the United States, and importing and causing to be imported in the United States, any product that infringes any claim of the '456 patent, including but not limited to the "Fineness" hair-curling device and products not colorably different;

K.     Plaintiffs have enforceable trademark rights under the Lanham Act in the unregistered trade dress of their Miracurl® and Curl Secret® products;

L.     Plaintiffs have enforceable trademark rights under Nevada unfair competition law in the unregistered trade dress of their Miracurl® and Curl Secret® products;

M.     The Defendant has made unauthorized use of Conair's enforceable trademark rights with its accused products (including the "Fineness" hair-curling device) such that consumers were likely to confuse the two;

N.     The Defendant in default by its actions has infringed the unregistered trade dress of Conair's Miracurl® and Curl Secret® products;

O.     The Defendant in default, as well as those persons and entities in active concert with it who have notice of this Order, are herewith permanently enjoined from committing any act that infringes or causes or induces infringement of Plaintiffs' unregistered trade dress of its Miracurl® and Curl Secret® products;

P.     Upon receipt of actual notice of this Order, United States Customs and Border Protection ("CBP") shall, within thirty (30) days and according to its internal procedures, effectuate the prohibition on importation as contained in this Order, such that automatic hair-curling devices of the type described and depicted herein, and components thereof, that are manufactured by or on behalf of, or imported by or on behalf of, Taizhou Jinba Health Technology Co., Ltd. or its affiliated companies, parents, subsidiaries, or other related business entities, or their successors or assigns, such as, Jinba Health Technology Co., Ltd. and China Jinba Health Tech. Co.

To aid CBP in its enforcement of this Order, depictions of both the patented device and prohibited devices follow.

1
2
3
4
5
6

**Figure 1 of the '456 Patent**

7
8

Two views of Plaintiffs' Curl Secret product

9
10
11
12
13
14
15
16
17

Examples of Defendant's infringing products

18
19
20
21



22
23
24
25
26
27
28







Q.     CBP may, at its discretion and pursuant to the procedures it establishes, require persons seeking to import automatic hair-curling devices of the type described and depicted herein, and components thereof, that are potentially subject to this Order to certify that they are familiar with the terms of this Order, that they have made appropriate inquiry, and thereupon state that, to the best of their knowledge and belief, the products being imported are not prohibited under the preceding paragraphs of this Order. At its discretion, CBP may require persons who have provided the certification described in this paragraph to furnish such records or analyses as are necessary to substantiate this certification.

R.     Plaintiffs are hereby given leave to take discovery under Fed. R. Civ. P. 26, 30, 33, 34, and 36 to determine the amount of damages, if any.

The only remaining issue before this Court concerns the amount of damages to be awarded to Plaintiffs. A hearing will be held on **1/20/2016 at 11:00 am** in Las Vegas, NV at the United States Courthouse at 333 S. Las Vegas Blvd., Las Vegas, NV 89101, to determine what, if any, damages including lost profits and/or reasonable royalty to impose on the Defendant in default for its infringement of the '804, '118, '374, '456 patents and Plaintiffs'

1  unregistered trade dress.

2  DONE AND ORDERED in Las Vegas, Nevada, December 17, 2015.

3

4  _____

5  UNITED STATES DISTRICT JUDGE

6

7

8  Submitted by:

9  HUTCHISON & STEFFEN, LLC

10

11  _____
   Patricia Lee (8287)

12  Peccole Professional Park
   10080 West Alta Drive, Suite 200

13  Las Vegas, NV 89145
   Email: plee@hutchlegal.com

14

15  *Attorneys for Plaintiffs*
   *CONAIR CORPORATION and*

16  *BABYLISS FACO SPRL*

17

18

19

20

21

22

23

24

25

26

27

28